1

2

3

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| 4 SYLRETHA SMITH, | Case No. 2:14-CV-00681-APG-NJK |
| 5           Plaintiff, | **ORDER DENYING REMAND** |
| 6    v. | |
| 7 SMITH'S FOOD & DRUG CENTERS, INC., | |
| 8           Defendant. | |
| 9 | |

10    Plaintiff Sylretha Smith filed a Motion to Remand (Doc. #11). She contends that I

11 should remand this slip and fall action to Nevada state court because defendant has not

12 met its burden of establishing the diversity jurisdictional amount in controversy is

13 satisfied. Plaintiff asserts her Complaint mentions only that damages exceed $10,000,

14 and she offered to settle this matter for less than $75,000 inclusive of interest, costs, and

15 attorney's fees.

16    Defendant responds that plaintiff made an original demand of $110,000 prior to

17 removal, which was supported by reference to medical expenses already incurred,

18 anticipated future medical expenses, and pain and suffering. Defendant argues plaintiff's

19 post-removal offer of less than $75,000 does not deprive the Court of diversity

20 jurisdiction.

21    Federal district courts have jurisdiction over civil actions in diversity cases "where

22 the matter in controversy exceeds the sum or value of $75,000" and where the matter is

23 between "citizens of different States." 28 U.S.C. § 1332(a)(1). If at any time before final

24 judgment it appears that the district court lacks subject matter jurisdiction over a case that

25 has been removed to federal court, the case must be remanded. 28 U.S.C. § 1447(c).

26 "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in

1  the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). Because of this

2  strong presumption against removal, "the defendant always has the burden of establishing

3  that removal is proper." *Id.*

4      If a complaint does not specify an amount in controversy, the defendant must

5  prove by a preponderance of the evidence that the amount in controversy exceeds

6  $75,000. *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699, 701 (9th Cir. 2007).

7  The Court may look to the facts alleged in the removal petition or summary judgment-

8  type evidence submitted by the parties to determine whether the jurisdictional

9  requirement was met at the time of removal. *Matheson v. Progressive Specialty Ins. Co.*,

10 319 F.3d 1089, 1090 (9th Cir. 2003). Conclusory allegations as well as speculative

11 arguments as to the amount in controversy are insufficient. *Singer v. State Farm Mut.*

12 *Auto. Ins.*, 116 F.3d 373, 377 (9th Cir. 1997). "A settlement letter is relevant evidence of

13 the amount in controversy if it appears to reflect a reasonable estimate of the plaintiff's

14 claim." *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 (9th Cir. 2002). However, a post-

15 removal settlement offer below the jurisdictional amount will not oust the Court of

16 jurisdiction because the facts are determined at the time of removal. *See United Steel,*

17 *Paper & Forestry, Rubber, Mfg., Energy, Allied Indus. & Serv. Workers Int'l Union,*

18 *AFL-CIO, CLC v. Shell Oil Co.*, 602 F.3d 1087, 1091-92 (9th Cir. 2010) (stating that

19 "post-filing developments do not defeat jurisdiction if jurisdiction was properly invoked

20 as of the time of filing").

21     Prior to filing suit, plaintiff sent defendant a demand letter and offered to settle

22 this matter for $110,000. (Notice of Removal (Doc. #1), Ex. B.)  In support of this

23 amount, plaintiff indicated she had incurred $54,842.97 in medical expenses and lost

24 wages by January 16, 2014, and she attached medical records in support. (*Id.* at 1, 3.)

25 Additionally, plaintiff referenced a scheduled surgery on her right shoulder,

26 rehabilitation, future medical expenses, future lost wages, and pain and suffering. (*Id.* at

2

2, 4.) Plaintiff stated that her "current medical specials and the anticipated medical specials will undoubtedly exceed" the $110,000 demand. (*Id.* at 4.)

Plaintiff filed this action in Nevada state court on March 19, 2014. (Notice of Removal, Ex. A.) The Complaint does not specify an amount of damages at issue, stating only that compensatory damages exceed $10,000 and requesting attorney's fees and costs. (*Id.* at 4.) The Complaint does not allege that the amount in controversy is less than $75,000.

Defendant has met its burden of establishing by a preponderance of the evidence that the amount in controversy exceeded the jurisdictional amount of $75,000 at the time of removal. Prior to the suit being filed, plaintiff made a demand of $110,000, which was supported by medical records showing she already had incurred over $54,000 in medical expenses and lost wages. Plaintiff also indicated she was scheduled for an upcoming surgery, and therefore she would incur additional medical expenses related to the surgery, including post-surgery rehabilitation. Plaintiff also anticipated future lost wages in relation to the surgery and rehabilitation. Finally, plaintiff indicated she had endured pain and suffering as a result of the accident. Considering the damages already incurred, the anticipated future damages, plus pain and suffering, plaintiff's demand of $110,000 reflects a reasonable estimate of her claim.

Notably, plaintiff has never affirmatively stated that she is seeking less than $75,000 in connection with this lawsuit. If she wanted to avoid litigating her claim in federal court, she could have simply confirmed in writing that she would not seek in excess of $75,000.00. Her motion to remand is carefully crafted to avoid such an admission, and appears disingenuous (and borders on bad faith).

Defendant has established by a preponderance of the evidence that the jurisdictional amount in controversy was satisfied at the time of removal. Plaintiff's post-removal offer of less than the jurisdictional amount does not impact this analysis.

3

1         IT IS THEREFORE ORDERED that Plaintiff's Motion to Remand (Doc. #11) is

2  DENIED.

3         DATED this 29th day of July, 2014.

_____
**ANDREW P. GORDON**
**UNITED STATES DISTRICT JUDGE**